IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QUANAH C. WYLIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2394-L |
| | § | |
| STYLE CREST ENTERPRISES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND TRANSFER ORDER

Defendant Style Crest Enterprises, Inc. has filed a Motion to Transfer Venue [Dkt. No. 13], which has been referred to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. *See* Dkt. No. 18. Plaintiff Quanah C. Wylie filed a response, *see* Dkt. No. 16, and Defendant filed a reply, *see* Dkt. No. 17. For the reasons set forth herein, Defendant's Motion to Transfer Venue is granted.

## Background

Plaintiff filed his Petition in the 134th Judicial District Court of Dallas County, Texas, alleging violations of the Americans with Disabilities Act and of the Texas Labor Code. *See* Dkt. No. 1-3 at 4-7 of 17. Defendant timely removed the action to federal court based on federal question jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12101. *See* Dkt. No. 1.

Defendant now requests that the court transfer this action to the United States District Court for the Western District of Texas, Waco Division, for the convenience of

the parties and witnesses and in the interest of justice pursuant to 28 U.S.C. § 1404(a).

Defendant is an Ohio corporation with its corporate headquarters located in Fremont, Ohio. *See* Dkt. No. 13 at 1. Defendant has no operations or offices in Dallas County, Texas. Defendant has an operating location in Waco, Texas, where Plaintiff was employed. *See id.* at 1-2. Plaintiff is an individual who resides in Hubbard, Texas, which is located in the Western District of Texas. *See* Dkt. No. 1-3 at 4 of 17.

## Legal Standards

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In applying Section 1404(a), a district court must first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). Once this initial determination is made, a district court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*Volkswagen I*, 371 F.3d at 203 (citations omitted).

Transfer of venue under Section 1404(a) is at the Court's discretion, considering "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *El Chico Restaurants of Texas, Inc. v. Carroll*, No. 3:09-cv-2294-L, 2010 WL 2652286, at *2 (N.D. Tex. June 29, 2010) (quoting *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)). A plaintiff's choice of forum is entitled to some deference, which dictates that the moving party must "demonstrate[] that the transferee venue is clearly more convenient." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*").

## Analysis

This action could have originally been filed in the Western District of Texas because each of the events giving rise to Plaintiff's claims took place in that district. *See* 28 U.S.C. § 1391(b)(2). Plaintiff does not contend otherwise.

Having concluded that this action could have originally been filed in the Western District of Texas, the undersigned now considers the private and public interest factors to determine whether the case should be transferred to the Western District. The parties ignore many of the transfer factors; as such, the undersigned will consider these factors to be neutral. Defendant urges that the following factors support transfer: (1) Waco, Texas is the site of the alleged wrong; (2) Plaintiff's supervisors and co-workers who might serve as witnesses are located in Waco; (3) Plaintiff resides in the

Western District of Texas; and (4) most of the relevant documents in the case are located in Waco.

Plaintiff, in response, does not dispute the accuracy of most of Defendant's statements but rather relies on the notion that the choice of forum is the plaintiff's "privilege." Dkt. No. 16 at 4. But, in a Section 1404(a) analysis, while a plaintiff's choice of forum "should be respected" unless "the transferee venue is clearly more convenient," Plaintiff's "choice of forum ... is not an independent factor within ... the § 1404(a) analysis." *Volkswagen II,* 545 F.3d at 314 n.10, 315. Rather, "a plaintiff's choice of venue is to be treated as a burden of proof question." *Id.* at 314 n.10 (internal quotation marks omitted). That Plaintiff chose this venue simply means that Defendant must "demonstrate[ ] that the transferee venue is clearly more convenient" and that, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* at 315. "When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer." *Id.* Plaintiff asserts that Defendant bears the burden of convincing the Court that the balance of convenience and justice "substantially" weigh in favor of transfer. But this statement of Defendant's burden is incorrect and has been expressly rejected by the United States Court of Appeals for the Fifth Circuit, sitting *en banc* in *Volkswagen II. See id.* at 314-15 ("Thus, the district court, in requiring Volkswagen to show that the § 1404(a) factors must substantially outweigh the plaintiffs' choice of venue, erred by

applying the stricter *forum non conveniens* dismissal standard and thus giving inordinate weight to the plaintiffs' choice of venue.").

Plaintiff also argues that Dallas is equally convenient for witnesses, as many of the individuals listed as potential witnesses in Defendant's initial disclosures reside in Ohio. But Plaintiff has not identified a single potential witness located within the Northern District of Texas. To the contrary, Defendant states that "most, if not all," of Plaintiff's former co-workers and managers are located in the Western District of Texas, including Plaintiff's former supervisor. Dkt. No. 17 at 4. Defendant also points out that many of the witnesses identified in Plaintiff's initial disclosures are located in the Western District of Texas, including all but one of Plaintiff's medical providers. *See id.* at 4-5. And the Court of Appeals has "explained that [w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *In re Radmax, Ltd.*, 720 F.3d 285, 288-89 (5th Cir. 2013) (internal quotation marks omitted). While Waco may be, by some measures, within 100 miles of Dallas, the Court of Appeals recently clarified that this factor can still weigh in favor of transfer because the Fifth Circuit has not held or implied that "a transfer within 100 miles does not impose costs on witnesses or that such costs should not be factored into the venue-transfer analysis, but [rather has held] only that this factor has greater significance when the distance is greater than 100 miles." *Id.*

Defendant does acknowledge that certain potential witnesses, including

Defendant's human resources employees, are located in Ohio. While Dallas may be a slightly more convenient location than Waco for witnesses flying in from Ohio, the undersigned does not have enough information about these witnesses to determine how much they factor into the calculus. For example, to the extent that these individuals, as employees of Defendant, are party witnesses, the courts generally are less concerned about their convenience than for nonparty witnesses. *See RPost Holdings, Inc. v. StrongMail Systems, Inc.*, No. 2:12-cv-515, 2013 WL 4495119, at *4 (E.D. Tex. Aug. 19, 2013) ("Although the court must consider the convenience of both the party and nonparty witnesses, it is the convenience of non-party witnesses ... that is the more important factor and is accorded greater weight in a transfer of venue analysis.") (internal quotation marks omitted). As such, the potential for slightly more inconvenient travel from Dallas to Waco for certain potential witnesses does not outweigh the benefit of transfer for the many other potential witnesses located in Waco and/or the Western District of Texas.

Plaintiff further asserts that Dallas is equally convenient for counsel. But convenience of counsel has been rejected as a relevant transfer factor. *See In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

Finally, Plaintiff asserts that any documents currently available in Waco could be made available in Dallas. While likely true, courts nevertheless continue to place significance on the location of documents. *See id.* ("Where relevant employment records are maintained and administered is expressly stated as a venue factor in the special venue statute and should be weighed by a District Court in evaluating the 'interest of

justice' aspect of the motion to transfer."). Indeed, the *en banc* Court of Appeals noted that "[t]hat access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II,* 545 F.3d at 316. Here, there is no dispute that relevant documents and records – as well as Defendant's facility at which Plaintiff worked – are located in Waco, not Dallas. Accordingly, the factor of the relative ease of access to sources of proof weighs in favor of transfer. *See id.* ("All of the documents and physical evidence relating to the accident are located in the Dallas Division, as is the collision site. Thus, the district court erred in applying this factor because it does weigh in favor of transfer."); *see also Radmax*, 720 F.3d at 288 (explaining that, "as we clarified in *Volkswagen II*, the question is *relative* ease of access, not *absolute* ease of access").

Because it is either undisputed or not open to serious dispute that (1) Waco is the site of the alleged wrong; (2) most of the potential witnesses are located in Waco and/or elsewhere in the Western District of Texas; (3) Plaintiff resides in the Western District of Texas; and (4) most of the relevant documents in the case are located in Waco (and, in any event, are not located in Dallas), and Plaintiff has been unable to articulate any reason, beyond his choice of forum, against transfer, this action would clearly more conveniently proceed in, and the interests of justice be better served by transfer to, the Western District of Texas, Waco Division. Because Defendant has demonstrated that the Waco Division of the Western District of Texas is clearly more convenient, the Court grants the transfer. *See Volkswagen II,* 545 F.3d at 315; *cf.*

*Radmax*, 720 F.3d at 290 ("The main guidance from the en banc court in *Volkswagen II*, as it informs this case, is that the district court should have been fully aware of the inadvisability of denying transfer where only the plaintiff's choice weighs in favor of denying transfer and where the case has no connection to the transferor forum and virtually all of the events and witnesses regarding the case – here, indeed *all* of those events, facts, witnesses, and other sources of proof – are in the transferee forum.") (footnotes omitted).

### Conclusion

Defendant's Motion to Transfer Venue [Dkt. No. 13] is GRANTED, and this case is transferred to the Waco Division of the Western District of Texas for further proceedings.

SO ORDERED.

DATED: October 22, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE